PnARSON, J.
 

 "Whether the parol agreement to reconvey the land, so that it should vest in Mrs. Tillet, (now Mrs. Morgan,) if she should survive her husband (Tillet) which is alleged in the bill, could be decreed to be specifically performed, if it ha<3 been fully proved or admitted, notwithstanding the statute of frauds, is a question that we are not at liberty to ¡decide. .
 

 The agreement alleged is not proven. We are inclined to
 
 *41
 
 think, from tbe proof, that Tillet was not willing to make tbe expensive repairs and improvements, that his wife desired to be made upon tbe land, and that were necessary in order to make it an elegant and comfortable residence, unless tbe title was vested in him, and that Mrs. Tillet consented to pass tbe title to him in consideration of bis making tbe repairs and improvements, with an understanding, that be was to make a will devising tbe property to her in tbe event of her being tbe longest liver. Tillet, it would seem, violated bis promise and neglected to make a will. There is no power in this Court to make one for him, or to require bis heirs to do by
 
 deed,
 
 what be bad promised to do by will: because, tbe very essence of a will is that it is
 
 “ ambulatory
 
 a will made to-day may be revoked
 
 to-morrow:
 
 for this-reason, tbe idea of decreeing a specific performance of an agreemeat to make a will is not to be met with in any of tbe books; and tbe plaintiff’s vainly endeavor to avoid the question by alleging that Tillet bad agreed to convey. "Whereas tbe proof is, be bad agreed to make bis will and give tbe land to bis wife if she should survive him.
 

 Pjeb OuRiam. Bill dismissed.